KATHRYN RYAN, Plaintiff, *v.* JOHN D. RYAN, Defendant.

Supreme Court, Special Term, Nassau County, September 12, 1938.

*Morton Brauer*, for the plaintiff.

*John M. Crane*, for the defendant.

RIEGELMANN, J. On August 3, 1938, the defendant herein instituted an action against his wife for separation in the Supreme Court, Bronx county. Two days later the defendant in that action in turn instituted the instant action for separation against her husband in the Supreme Court, Nassau county. The husband now moves in the latter action for a dismissal of the complaint herein. The basis upon which he predicates the application is " that there is a prior pending action between the same parties in the Supreme Court for the County of Bronx wherein plaintiff herein may obtain the same relief she now seeks in this action." The husband's contention is founded upon an erroneous assumption. The Bronx county action seeks affirmative relief for the husband upon such evidence as he may be able to produce to establish the wife's marital dereliction; the Nassau county action seeks relief in favor of the wife upon such facts as she may be able to present indicative of the husband's wrongful conduct. Although there is an identity of parties in each action, there is no identity of the particular issue raised in each of the respective actions. In the Bronx county action the issue is whether the husband is entitled to a judgment of separation; in the Nassau county action the issue is whether the wife is entitled to a judgment in her own favor. It may be that the two actions should be consolidated in the interest of expediency and in order to avoid multiplicity. In any event, however, the situation does not justify a dismissal of the wife's cause of action as here sought.

The defendant husband, who is a police officer, also seeks to vacate the service of the summons, complaint and motion papers for temporary alimony and counsel fees on the ground that the service thereof was effectuated in violation of section 434a–30.0 of the Administrative Code of the City of New York. That section provides:

" Civil process.—An officer or patrolman while actually on duty shall not be liable to arrest on civil process, or to service of subpœna from civil courts."

The intendment of the foregoing section is obvious. It is founded upon the concept that the public interests would sustain a detriment if policemen, while discharging the functions of their office, might be arrested upon civil process, or, in compliance with a mandate, be compelled to leave their posts of duty to serve as witnesses. The service of a summons or notice of motion, however, does not entail such consequence. In any event, the service thereof has not been interdicted by the provisions of the section.

Motion denied.